UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CR-458 CAS |
| ) | |
| KENNETH REDD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This closed criminal matter is before the Court on defendant Kenneth Redd's Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33(a). Defendant argues that the Court should grant him a new trial based on newly discovered evidence. Because none of the evidence cited by defendant can be deemed newly discovered, and even assuming it is newly discovered evidence, it is not material to his case, the Court will deny the motion.

**Background**

On August 11, 2005, defendant was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count I); attempting to tamper with evidence, in violation of 18 U.S.C. § 1512(b)(2)(B) (Count II); and attempting to obstruct justice, in violation of 18 U.S.C. § 1512(c)(2) (Count III). The charges stemmed from a search of Apartment D at 1002 Chambers Road on July 6, 2005. Police conducted the search in an attempt to find a suspect in a murder investigation, and while inside the apartment found defendant's firearms in a closet.

Defendant filed a motion to suppress evidence and statements. After an evidentiary hearing, the Court denied the motion. On December 7, 2005, after a three-day jury trial, the jury returned a verdict of guilty on all three counts. Defendant was sentenced to a term of imprisonment of 240

months on Count I, 120 months on Count II, and 240 months on Count III, to be served concurrently. Defendant's conviction was affirmed on direct appeal, and his petition for writ of certiorari was denied.

On January 2, 2008, defendant filed the instant motion for new trial pursuant to Federal Rule of Criminal Procedure 33(a). Defendant argues that the Court should vacate the judgment against him and grant a new trial based on newly discovered evidence.

**Standard of Review**

Rule 33(a) of the Federal Rules of Criminal Procedure provides, "Upon defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Eighth Circuit has advised district courts that the granting of a new trial under Rule 33 is a remedy to be used "only sparingly and with caution." United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)). The decision to grant a Rule 33 motion is within the sound discretion of the district court. Campos, 306 F.3d at 579–80. The district court's discretion is broad. Id. at 579. This discretion is abused, however, if the district court fails to consider a factor that should have been given significant weight, considers and gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering and weighing only proper factors. Id. at 580; see also United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004).

For a defendant to receive a new trial based on newly discovered evidence, he must prove that (1) the evidence was unknown or unavailable at the time of trial; (2) he did not lack diligence in attempting to uncover it; (3) the newly found evidence is material; and (4) that the newly discovered evidence would probably produce an acquittal in a new trial. United States v. Grover, 511 F.3d 779,

783 (8th Cir. 2007). The motion is properly denied if the newly discovered evidence is merely cumulative or impeaching. Id.

**Discussion**

Defendant asserts two arguments in support of his motion for new trial: (1) the Court should grant him a new trial because the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") violated its own policy on informant use and undercover operations; and (2) newly discovered evidence shows that it was unreasonable for the police to believe defendant had authority to validly consent to the search of Apartment D at 1002 Chambers Road.

(1) ATF Policy on Informant Use

In his motion for new trial, defendant argues the policy of the ATF forbids the government from using information obtained from an informant who was not approved by a special agent of the ATF. Defendant attaches to his motion ATF Policy O 3250.1A, Informant Use and Undercover Operations. Defendant argues that because the government used information that came from an informant that was not ATF approved and did not meet the requirements of ATF Policy O 3250.1A, defendant should be granted a new trial in the interest of justice.

Defendant's argument regarding the ATF policy is not relevant to his case. Nor does the policy, if relevant, constitute newly discovered evidence. It was the St. Louis County Police Department ("SLCPD"), not the ATF, that received information from the anonymous tipster through an intermediary. Defendant admits this in his motion. See Def. Mot. at 2-3 ("[T]he informant had provided the following information to Detective Nickerson of the St. Louis County Police Department . . . ."); see also Transcript of Evidentiary Hearing on Defendant's Motion to Suppress Evidence and Statements ("Mot. Tr.") at 12-14. The SLCPD along with members of the St. Louis Metropolitan Police Department ("SLMPD") acted on this information, resulting in defendant's

detention and eventual consent to the search of the property located at 1002 Chambers Road. See Mot. Tr. at 12-18, 24-25, 44-65; Trial Tr. I at 27-37, 55-67. The ATF did not become involved in defendant's case until after the firearms had been seized. See Mot. Tr. at 24-25, 109-114; Trial Tr. III at 6. Therefore, it is factually impossible for the ATF to have violated its own policy because the ATF was not involved until after the allegedly unlawful information was obtained.

Additionally, the policy of the ATF regarding use of confidential informants and undercover operations is not new evidence. The policy is dated October 26, 2001, with changes dated January 4, 2002 and April 2, 2003. See Def. Mot., Ex. A. Defendant could have obtained this information while the case was pending in this Court. He could have cross-examined the ATF agents regarding these policies. The evidence was available at the time of trial, and apparently defendant did not attempt to uncover it. Finally, even if the ATF's internal policies regarding confidential informants were relevant to defendant's case, defendant has not established that this policy creates a substantive right enforceable by a criminal defendant. See, e.g., United States v. Moore, 822 F.2d 35, 38 (8th Cir. 1987) (per curiam) (holding that internal policy of DOJ (Petite policy) confers no substantive rights on the accused).

The ATF policy cited by defendant is not material to his case; it was available at the time of trial; and defendant has not shown that the evidence, even if deemed newly discovered, would procure an acquittal in a new trial. For these reasons, defendant's motion will be denied on this ground.

(2) <u>Reasonableness of Police's Belief that Defendant Had Authority to Consent to the Search of Apartment D at 1002 Chambers Road</u>

In his second argument, defendant states that newly discovered evidence shows it was unreasonable for the police to believe defendant had authority to give a valid consent to search the apartment where the firearms were located. Defendant attaches to his motion the affidavit of Brian

Burton, the manager of the Nantucket Gardens Apartments. Mr. Burton states that on July 6, 2006, he provided the occupancy permits for the apartments to police officers from the SLCPD and the SLMPD.[1] He states that the only male listed on the occupancy permit for Apartment D was Jerome Phillips. Mr. Burton states that the police also requested the key to Apartment D, and the police entered Apartment D. Mr. Burton states that he did not recall the police producing a search warrant. Based on Mr. Burton's affidavit, defendant argues this evidence reveals that defendant did not reside at any of the apartments, and therefore the police knew defendant did not have authority to consent to a search of Apartment D. In his reply brief, defendant further clarifies that the newly discovered evidence is the fact that the police had spoken to Mr. Burton, and Mr. Burton had advised them that defendant was not authorized to live in Apartment D.

The statements contained in the affidavit cannot be considered newly discovered evidence. The government states, and defendant does not dispute, that prior to defendant's trial, his counsel indicated that he might call the property manager of the Nantucket Gardens Apartment as a witness. See Govt. Resp. at 5. Thus, defendant knew of the existence of Mr. Burton at the time of trial, and could have obtained his statements at this time. Moreover, at the evidentiary hearing on defendant's motion to suppress, defendant's counsel cross-examined the government's witness, Sergeant Robert Ceriotti, regarding the issues raised in Mr. Burton's affidavit. See Mot. Tr., at 87-88 (questioning Sergeant Ceriotti about the search warrant, and the keys to the apartment).

Additionally, defendant had received in discovery the occupancy permit and the lease to the property prior to evidentiary hearing on defendant's motion to suppress. See Govt. Resp. at 5 and Ex. A (stating the occupancy permit and lease were produced at bates range 92-105). At the

---

[1]The Court will assume Mr. Burton inadvertently stated the date was July 6, 2006, instead of July 6, 2005.

evidentiary hearing on defendant's motion, the government introduced the lease into evidence. See Mot. Tr. 117-118. At trial, defendant's counsel cross-examined Ms. Pool, defendant's paramour and the leaseholder for the property, regarding the name on the occupancy permit and the lease and her relationship with this individual. See Trial Tr. II at 35-41. Defendant's trial counsel also argued that it would be unlawful for someone to reside in the residence without being listed on the occupancy permit. See id. at 37. To the extent defendant argues Mr. Burton told the police defendant did not reside (or was not authorized to reside) in Apartment D, defendant has misconstrued the affidavit. Mr. Burton's affidavit does not state that he told the police defendant did not reside in Apartment D. See Def. Mot., Ex. B. The affidavit states only that Mr. Burton gave no information "indicating that [defendant] lived in apartment D." Id.

The Court has reviewed both affidavits submitted by defendant in support of his motion, the transcript of the evidentiary hearing on defendant's motion to suppress, and the transcript of the trial. The Court finds that defendant has not produced any newly discovered information that would warrant granting him a new trial. Mr. Burton's testimony was available at the time of trial, and is merely cumulative of evidence presented at the evidentiary hearing and at trial. Even assuming defendant had produced newly discovered information, he has not made any showing that this evidence is material. The evidence produced at the motion hearing and at trial establishes that defendant voluntarily consented to the search, and was cooperative with the police. See Mot. Tr. 62-65, 96-98; Trial Tr. I 36-37, 73. Because defendant voluntarily consented to the search, the issues of whether his name was on the lease, whether he complied with the occupancy permit, and how the police obtained the key to the apartment are not material.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33(a) is **DENIED**.  [Doc. 86]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 30th day of June, 2008.